UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY BUSH-ESTES,<br><br>Defendant. | No. 4:15-cr-6047-SMJ<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

Before the Court, without oral argument, is Defendant Nancy Bush-Estes's "Motion for Reduction in Sentence (RIS) and/or Home Confinement/Supervised Release," ECF No. 69. Defendant writes that "[u]nder the First Step Act" she is "[r]equesting consideration of a [r]eduction in sentence." ECF No. 69 at 1. The Court construes Defendant's motion as either a request for a sentencing reduction under either Section 404 of the First Step Act of 2018 ("Section 404"), or for a compassionate sentencing reduction under 18 U.S.C. § 3583(c)(1)(A), as amended by the First Step Act's compassionate release provisions. *See* PL 115-391, 132 Stat. 5194 (2018).[1]

---

[1] Defendant's motion may also be interpreted to request release to home detention as an eligible "elderly offender" under 34 U.S.C. § 60541(g). That provision, however, directs the Attorney General to create a pilot program to "determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities." *Id.* § 60541(g)(1)(A). The Attorney General, not the sentencing Court, is authorized to grant relief. *Id.* § 60541(g)(1)(B) ("the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders

ORDER DENYING MOTION FOR SENTENCE REDUCTION - 1

Section 404 allows for retroactive application of decreased penalties for certain cocaine-related offenses committed before August 3, 2010. *Id.*; *see also United States v. Huy Trinh*, No. 10-CR-00385-SI-1, 2019 WL 2061104, at *1 (N.D. Cal. May 9, 2019). Defendant was sentenced after pleading guilty to one count of conspiracy to commit money laundering. *See* ECF No. 67. Accordingly, Defendant is ineligible for the sentence reduction under Section 404. *See id.* ("Defendant is not eligible for a sentence reduction under the First Step Act because he was convicted of an offense involving marijuana, not crack cocaine.") (citing *United States v. Drayton*, No. CR 10-20018-01-KHV, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019)).

The compassionate release provisions of the First Step Act of 2018 amended 18 U.S.C. § 3583(c)(1)(A) to permit a sentencing reduction where (1) extraordinary and compelling reasons justify such a reduction, or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under [18 U.S.C. §] 3559(c),[2] for the offense or offenses for which the defendant is currently imprisoned, and a determination has

---

from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender."). Accordingly, to the extent Defendant may be entitled to such relief, she must request it from the Attorney General, not this Court.

[2] 18 U.S.C. § 3559(c) applies to sentencing for certain "serious violent felon[ies]," which does not appear to include the offense for which Defendant was convicted and sentenced. *See id.* at § 3559(c)(1).

ORDER DENYING MOTION FOR SENTENCE REDUCTION - 2

been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." *Id.* § 3582(c)(1)(A)(ii). The Court may grant such a reduction only upon motion of the Director of the Bureau of Prisons, or upon a motion of a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). Setting aside the issue of Defendant's eligibility for a sentence reduction under these provisions, Defendant's motion does not indicate that she has met the statute's administrative exhaustion requirements, and the Court is therefore unable to consider the request. *Id.*

Defendant presents no other basis on which this Court could grant the requested reduction in her sentence. *See* 18 U.S.C. § 3582(c)(1)(B) ("the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."). Accordingly, the Court finds Defendant is ineligible for a reduction in her sentence, and her motion is therefore denied.

//

//

Accordingly, **IT IS HEREBY ORDERED**:

Defendant Nancy Bush-Estes's "Motion for Reduction in Sentence (RIS) and/or Home Confinement/Supervised Release," **ECF No. 69**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 16th day of December 2019.

SALVADOR MENDOZA, JR.
United States District Judge