Case 4:15-cr-06047-SMJ    ECF No. 73    filed 10/05/20    PageID.497    Page 1 of 3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 05, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>NANCY BUSH-ESTES,<br><br>        Defendant. | No.   4:15-cr-06047-SMJ-1<br><br>**ORDER DENYING CONSTRUED MOTION TO REDUCE SENTENCE** |

Before the Court, without oral argument, is Defendant Nancy Bush-Estes' construed Motion to Reduce Sentence. ECF No. 72. Bush-Estes pleaded guilty to conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) on December 16, 2015. ECF Nos. 11, 17 & 67. The Bureau of Prisons (BOP) has apparently released Bush-Estes to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136.[1] *See* ECF No.

---

[1] The CARES Act expands BOP's authority to release incarcerated defendants without judicial intervention. Under 18 U.S.C. § 3624(c)(2), BOP generally may only release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The CARES Act allows BOP to "lengthen the maximum amount of time" for which a prisoner may be placed in home confinement under § 3624(c)(2) "as the Director determines appropriate," assuming "the Attorney General finds that emergency conditions will materially affect the functioning" of BOP. CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2) (2020). But BOP's authority in this regard is limited to "the

ORDER DENYING CONSTRUED MOTION TO REDUCE SENTENCE – 1

72 at 1. She asks the Court to reduce her sentence to time served or to adjust her original sentence. *Id*. at 2. The Court has reviewed the record in this matter and denies the motion.

The Court has limited authority to amend a criminal defendant's sentence once imposed. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed" except in certain circumstances). As an initial matter, the statute requires defendants seeking a reduced sentence to exhaust administrative remedies, among other things. 18 U.S.C. § 3582(c)(1)(A). If exhausted, a district court may reduce a defendant's sentence only if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. Finally, district courts must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id*.

Having reviewed the materials Bush-Estes submitted with her motion for early release, the Court finds she cannot show substantial and compelling reasons exist to warrant a reduction in her sentence. Even assuming she has exhausted all her administrative remedies, BOP has already released her to home confinement. If BOP's authority to release her to home confinement expires under the CARES Act

---

covered emergency period." *Id*. BOP's expanded authority expires "30 days after the date on which the national emergency declaration terminates." *Id*. § 12003(a)(2).

ORDER DENYING CONSTRUED MOTION TO REDUCE SENTENCE – 2

§ 12003(a)(2) and Bush-Estes is required to return to a BOP facility, she may at that time seek a reduction in her sentence, after exhausting all administrative remedies and showing extraordinary and compelling reasons warrant such a reduction. *See generally* 18 U.S.C. § 3582(c)(1)(A).

Accordingly, **IT IS HEREBY ORDERED**:

Defendant Nancy Bush-Estes' construed Motion to Reduce Sentence, **ECF No. 72**, is **DENIED**.

**DATED** this 5th day of October 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge