FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NANCY BUSH-ESTES, <br><br> Defendant. | No.   4:15-cr-6047-SMJ <br><br> **ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

Before the Court, without oral argument, is Defendant Nancy Bush-Estes's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 74. Defendant seeks compassionate release from home confinement, citing several medical ailments. Having reviewed the relevant record, the Court is fully informed and denies Defendant's motion with leave to amend.

## BACKGROUND

On December 16, 2015, Defendant pleaded guilty to conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). ECF Nos. 11 & 17. Defendant was sentenced to 73 months' custody. ECF No. 65. The Bureau of Prisons has apparently released Defendant to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136. *See* ECF No. 72 at 1. This is Defendant's third motion seeking a sentence reduction. *See* ECF Nos. 69, 72, & 74.

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i).

The Court may grant such a reduction only upon motion of the Director of the Bureau of Prisons, or upon a motion of a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A). Setting aside the issue of Defendant's eligibility for a sentence reduction under these provisions, Defendant's motion does not indicate that she has met the statute's administrative exhaustion requirements, and the Court is therefore unable to consider the request. *Id.*

Defendant presents no other basis on which this Court could grant the requested reduction in her sentence. *See* 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.").

Accordingly, the Court finds Defendant is ineligible for a reduction in her sentence, and her motion is therefore denied.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), **ECF No. 74**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 28th day of September 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge